# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| AMANDA ESPINOSA, INDIVIDUALLY, and on BEHALF OF KIMBERLY ESPINOSA, A MINOR, and AS THE PERSONAL REPRESENTATIVE OF THE ESTATES OF STEVE AND GLORY ESPINOSA<br><br>vs.<br><br>GRACO CHILDREN'S PRODUCTS, INC., NEWELL RUBBERMAID, INC., GENERAL MOTORS CORPORATION, ENTERPRISE LEASING COMPANY-SOUTHWEST, KYLE ROUNTREE, AND TONYA ROUNTREE | CAUSE NO. 2:07-cv-517-TJW |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Amanda Espinosa, Individually, and on behalf of Kimberly Espinosa, a Minor, and as the Personal Representative of the Estates of Steve and Glory Espinosa file this first amended complaint and ask the Court to enter judgment against GRACO Children's Products, Inc., Newell Rubbermaid, Inc., General Motors Corporation, Enterprise Leasing Company-Southwest,  Kyle Rountree and Tonya Rountree.

### I. NATURE OF ACTION

1. This lawsuit is brought to recover damage resulting from a two vehicle collision which occurred on November 22, 2006 in Denton County, Frisco, Texas. The driver of the vehicle was Steve Espinosa who died on November 22, 2006 as a result of injuries suffered in the crash. Passengers in the vehicle were Amanda Espinosa, Steve Espinosa's wife, and their daughters, Glory and Kimberly Espinosa. Glory Espinosa also died on November 22, 2006 as a result of injuries suffered in this accident.

## II. JURISDICTION & VENUE

2. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interests and costs.

3. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Texas. Specifically, the car accident giving rise to the claims occurred in Denton County—the Eastern District of Texas.

## III. PARTIES

4. Plaintiff Amanda Espinosa is the surviving wife of Steve Espinosa and the mother of Glory Espinosa. Minor, Kimberly Espinosa is the surviving daughter of Steve Espinosa and the surviving sister of Glory Espinosa. Plaintiffs Amanda Espinosa, Individually, and on behalf of Kimberly Espinosa, a Minor, and as the Personal Representative of the Estates of Steve and Glory Espinosa (collectively "Plaintiffs" or "the Espinosas") bring this action for the survival and wrongful deaths of Steve Espinosa and Glory Espinosa occurring on November 22, 2006.

5. Plaintiffs Amanda Espinosa and her minor daughter, Kimberly Espinosa, reside in Slidell, Louisiana.

6. Defendant GRACO Children's Products, Inc. ("GRACO") is a foreign corporation that regularly conducts business in Texas. GRACO may be served with process by serving its agent for service of process, CT Corporation System, 1300 East Ninth Street, Cleveland, OH 44114.

7. Defendant Newell Rubbermaid, Inc. ("Newell") is a foreign corporation that regularly conducts business in Texas. Newell may be served with process by serving its agent for service of process, Corporation Process Company, 180 Cherokee Street, NE, Marietta, GA

30060.

8. Defendant General Motors Corporation ("GMC") is a foreign corporation that regularly conducts business in Texas. GMC may be served with process by serving its registered agent CT Corporation, 350 North St. Paul St., Dallas, Texas 75201.

9. Defendant Enterprise Leasing Company-Southwest ("Enterprise") is a Texas corporation that may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St. Dallas, Texas 75201.

10. Defendant Kyle Lee Rountree is an individual residing in Celina, Collin County, Texas.

11. Defendant Tonya Rountree is an individual residing in Celina, Collin County, Texas.

### IV. FACTUAL BACKGROUND

12. On or about November 21, 2006, Amanda and Steve Espinosa rented a 2007 Chevrolet Trailblazer from Enterprise in Altus, Oklahoma. The Espinosas were traveling to Louisiana for the Thanksgiving holiday. Out of an abundance of caution, the Espinosas chose to rent a car from Enterprise because they felt their car was too unreliable to travel such a long distance.

13. Decedent Steve Espinosa was a night shift sanitation worker for Bar-S-Foods in Altus, Oklahoma. To avoid disrupting Steve's routine schedule of working night shifts, the Espinosas decided to leave for Louisiana around 8:30 p.m. on November 21, 2006. Their goal was to drive throughout the night to reach Louisiana by early morning. Their arrival time in Louisiana would coincide with the end of Steve Espinosa's routine night shift.

14. Around 11:30 p.m. on November 21, 2006, Steve Espinosa stopped at a gas station on U.S. 380. During the stop, the Espinosas purchased gas, snacks, fed Glory a bottle,

changed diapers, and stretched their legs. The stop lasted approximately 30-45 minutes and the Espinosas were on the road again by approximately 12:00 a.m. on November 22, 2006.

15. Shortly after leaving the gas station, the Espinosas were traveling eastbound in the vicinity of the 3000 block of U.S. 380 in Frisco, Denton County, Texas when suddenly and without warning, a vehicle from the westbound lane, driven by Kyle Rountree, swerved and crossed into the eastbound lanes. Steve Espinosa saw the vehicle approaching from the westbound lane, slowed and swerved into the improved shoulder.

16. Despite his best efforts to avoid the rapidly approaching vehicle, Steve Espinosa's vehicle was struck by the westbound vehicle. The force of the impact caused the Espinosas' vehicle to spin in a counter clockwise direction into the grassy ditch on the south side of the road and to roll on to the driver's side.

17. During the accident, Steve Espinosa was wearing his seatbelt. Likewise, Glory Espinosa was riding in a GRACO Infant Restraint Carrier. Both, however, died as a result of injuries suffered in the crash. Amanda and Kimberly, however, survived the crash.

18. At the time of the crash, Glory Espinosa was riding in a GRACO Infant Restraint Carrier, manufactured, designed and/or distributed by GRACO and/or Newell. At all relevant times, Defendants GRACO and/or Newell were engaged in the business of designing, manufacturing, packaging, and/or marketing certain products, including the GRACO Infant Restraint Carrier, for sale to and for use by members of the general public. GRACO and/or Newell placed the Infant Restraint Carrier into the stream of commerce by selling and/or distributing it.

19. Additionally, at the time of the collision, the vehicle in which the Espinosas were traveling was rented from Enterprise and manufactured, designed and/or distributed by GMC. At all relevant times, GMC was in the business of designing, manufacturing, and packaging and/or

4

marketing certain products, including the vehicle in question for sale to and for use to members of the general public. GMC placed the vehicle into the stream of commerce by selling and/or distributing it. Likewise, Enterprise was in the business of renting vehicles to members of the general public.

### V. GRACO AND NEWELL

**A. Product Defect**

20.     Plaintiffs will show that the GRACO Infant Restraint Carrier, placed into the stream of commerce by GRACO and/or NEWELL, was defectively designed, manufactured, marketed, assembled, and tested within the meaning of Section 402(A) Restatement (Second) of Torts in the following non-exclusive particulars including, but not limited to:

    a) The Infant Restraint Carrier does not provide adequate neck and back support.

    b) The Infant Restraint Carrier does not provide adequate head protection.

    c) The Infant Restraint Carrier does not provide adequate wing depth.

    d) The Infant Restraint Carrier does not include EPS (energy absorbing foam/polystyrene).

    e) The Infant Restraint Carrier does not include padding in the wing and/or handle of the Infant Restraint Carrier.

    f) The Infant Restraint Carrier does not provide adequate protection to an infant in a foreseeable collision.

    g) Failing to provide a safer alternative design that would have prevented or significantly reduced the risk of Glory Espinosa's injuries and death, without substantially impairing the Infant Restraint Carrier's utility. A safer alternative design was economically and technologically feasible at the time the Infant Restraint Carrier left the control of GARCO and/or NEWELL by the application of existing or reasonably achievable scientific knowledge.

    h) Failing to properly warn of the hazards and/or guard against the hazards associated with the use of this Infant Restraint Carrier.

    i) The Infant Restraint Carrier was negligently designed.

    j) Failing to conform to the product design and specifications of other similar infant restraints.

    k) Failing to provide a warning that the Infant Restraint Carrier was inadequate for the purposes for which it was provided.

    l) There was inadequate testing and inspection of the Infant Restraint Carrier prior to its release.

    m) Defendants failed to exercise their duty to warn of such dangers or to modify their products to eliminate such hazards.

    n) Defendants violated generally recognized and accepted industry standards in the design and/or manufacture of the product.

    o) Breaching the express warranty that "THIS INFANT RESTRAINT CONFORMS to all applicable Federal Motor Vehicle Safety Standards and is certified for use in motor vehicles and aircrafts".

    p) Failing to exercise their duty to modify the Infant Restraint to eliminate and/or guard against such hazards.

    q) Defendants breached their express warranties in that the Infant Restraint Carrier was reported in advertising, literature and manuals as being safe when it was not.

    r) Failing to adequately design the product in question.

    s) Such other acts or omissions that may be learned in discovery or at trial.

21. The description of the product is as follows: GRACO Infant Restraint Carrier, Model ISPC090BA.

22. For the above reasons, the Infant Restraint Carrier was unreasonably dangerous beyond the contemplation of the average user. And, the Infant Restraint Carrier was defectively designed taking into consideration its utility and the risk involved in its use. It was entirely foreseeable to GRACO and/or NEWELL that accidents and incidents involving its Infant Restraint Carrier, such as occurred herein, would on occasion take place during the normal and ordinary use of said Infant Restraint Carrier. The above described defects were the proximate and/or producing cause of the injuries and death suffered by Glory Espinosa. Plaintiffs invoke

the provisions of the Texas Products Liability Laws and allege that GRACO and/or Newell are liable pursuant to these provisions.

### B. Negligence

23.     The occurrence made the basis of this suit, and the resulting injuries and damages, were proximately caused by the negligent conduct of Defendants GRACO and/or Newell. Defendants GRACO and/or Newell knew, or in the exercise of ordinary or reasonable care should have known, that the infant restraint they manufactured, sold, designed, supplied, or distributed was dangerous and/or harmful to Plaintiffs.  These acts and omissions, taken by themselves or in combination, were a proximate cause of Plaintiffs' injuries, death and damages.

## VI. GENERAL MOTORS CORPORATION

### A.  Product Defect

24.     Plaintiffs will show that the Chevrolet Trailblazer manufactured and placed in the stream of commerce by GMC was defectively designed, manufactured, marketed, assembled, and tested within the meaning of Section 402(A) Restatement (Second) of Torts in the following non-exclusive particulars, including, but not limited to:

> a)  Failing to conform to the product design and specifications of other similar vehicles.
>
> b)  The vehicle was negligently designed.
>
> c)  Failing to adequately test and inspect the vehicle prior to its release.
>
> d)   Failing to provide adequate technologically and economically feasible safeguards.
>
> e)  Failing to provide adequate warning or instructions, which were communicated to the user as to the proper manner of use of such product or dangers associated with the use of such product.
>
> f) Failing to exercise its duty to adequately warn of such dangers or to modify the product to eliminate and/or guard against such hazards.
>
> g)  Violating generally recognized and accepted industry standards in the design

and/or manufacture of the product.

h) Defendants breached their express warranties in that the product was reported in advertising, literature and manuals as being safe when it was not.

i) Failing to provide a safer alternative design that would have prevented or significantly reduced the risk of Plaintiffs' injuries, without substantially impairing the vehicle's utility. A safer alternative design was economically and technologically feasible at the time the vehicle left the control of GMC by the application of existing or reasonably achievable scientific knowledge.

j) Failing to manufacture and/or design a vehicle in which the air bags deploy upon impact.

k) The airbag(s) failed to provide proper restraint.

l) The airbag(s) failed to mitigate against damages and/or injury.

m) The vehicle lacks side impact protection such as a head airbag, side curtain system or torso airbag.

n) The vehicle fails to provide adequate protection in side impact collisions.

o) The vehicle violates principles of crashworthiness in that the vehicle failed to maintain survival space and failed to provide proper restraint.

p) The vehicle fails to provide adequate structural integrity and allowed the survival space to be destroyed.

q) The vehicle was not reasonably crashworthy.

r) Failing to adequately design the product in question.

s) Failing to design a vehicle that was built to withstand a side impact collision.

t) Such other acts or omissions that may be learned in discovery or at trial.

25. The description of the vehicle is as follows: 2007 Chevrolet Trailblazer, VIN # 1GNDS136S772107454.

26. For the above reasons, the vehicle was unreasonably dangerous beyond the contemplation of the average user. And, the vehicle was defectively designed taking into consideration its utility and the risk involved in its use. It was entirely foreseeable to GMC that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take

8

place during the normal and ordinary use of said vehicle. The above described defects were the proximate and/or producing cause of the injuries and deaths suffered by the occupants of the Espinosa's vehicle. Plaintiffs invoke the provisions of the Texas Products Liability Laws and allege that GMC is liable pursuant to these provisions.

### B. Negligence

27. The occurrence made the basis of this suit, and the resulting injuries and damages were proximately caused by the negligent conduct of GMC. GMC knew, or in the exercise of ordinary or reasonable care should have known, that the vehicle they manufactured, sold, designed, supplied, or distributed was dangerous and/or harmful to Plaintiffs. These acts and omissions, taken by themselves or in combination, were a proximate cause of the Espinosa's injuries, deaths and damages.

## VII. ENTERPRISE

### A. Negligence

28. Enterprise owed a duty to provide the Espinosas with a vehicle safe for its intended purpose and free from defects. Enterprise breached its duty to the Espinosas by providing them with a vehicle that was not safe for its intended purpose nor free from defects. At the time of the collision, the air bags in said vehicle failed to deploy. As a proximate result, the Espinosas suffered damages.

## VIII. KYLE ROUNTREE

### A. Negligence

29. While operating a motor vehicle, Defendant Kyle Rountree owed a duty to the Espinosas. In swerving and crossing into the eastbound lane, the lane in which the Espinosas were traveling, Defendant Rountree breached his duty. Defendant Kyle Rountree's breach proximately caused the Espinosas damages and injuries. Each of the foregoing acts and

omissions, singularly or in combination with others, constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries, deaths and damages which form a basis of this action.

## IX. TONYA ROUNTREE

### A. Negligent Entrustment

30. Defendant Tonya Rountree negligently entrusted her vehicle to Kyle Rountree. Defendant Kyle Rountree was incompetent and/or a reckless driver. Defendant Tonya Rountree knew or should have known that Defendant Kyle Rountree was incompetent and/or a reckless driver. Defendant Kyle Rountree was negligent on November 22, 2006 when he fell asleep, swerved and crossed into the eastbound lane striking the Espinosas. Defendant Kyle Rountree's negligence proximately caused the Espinosas injuries and damages.

## X. MALICE/EXEMPLARY DAMAGES

31. Plaintiffs incorporate all previous paragraphs by reference. Defendants' conduct described above constitutes malice and/or gross negligence. Defendants' acts and omissions, when viewed from the standpoint of the Defendants at the time of the acts and omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference or worse with regard to the rights, safety and welfare of the Espinosas. Accordingly, Plaintiffs sue for exemplary damages in an amount to be determined at trial by a fair and impartial jury after hearing all of the evidence and considering all of the circumstances. Given the early stage of this action and that discovery has just begun and that all the evidence is not yet available, it is difficult to predicate the maximum amount of damages Plaintiffs will present to a jury for consideration.

## XI. DAMAGES

32. Plaintiffs seek all elements of damages, in the past and in the future, permitted under the law from Defendants including, but not limited to, claims for medical and/or hospitalization care, mental anguish, pain, personal injuries, torment, suffering, loss of earnings, lost earning capacity, pecuniary loss meaning the loss of care, support, maintenance, support services, advice and counsel, loss of companionship and society, loss of consortium, loss of household services, loss of inheritance, funeral and burial expenses and all said damages in an amount that Plaintiffs will show that they are entitled to at the time of trial. Plaintiffs also seek punitive or exemplary damages in an amount within the discretion of the jury sufficient to deter and punish Defendants. Finally, Plaintiffs assert a claim for costs of court and pre-judgment and post-judgment interest allowed under Texas law.

## XII.  JURY DEMAND

33. Plaintiffs demand that all issues of fact in this case be tried to a jury and tender herewith the appropriate fee.

## XIII.  REQUESTED RELIEF

34. For these reasons, Plaintiffs request that Defendants be cited to appear and answer herein and that after trial, Plaintiffs recover the following:

    a. actual damages against Defendants;

    b. exemplary damages in an amount to be determined by the trier of fact;

    c. reasonable attorney's fees;

    d. pre- and post-judgment interest at the maximum rate allowable by law;

    e. court costs; and

    f. all other relief the Court deems appropriate.

Respectfully submitted,

**HEARD, ROBINS, CLOUD & LUBEL, LLP**

By:/s/Adam Q. Voyles
 Adam Q. Voyles
 Texas State Bar No.: 24003121
 3800 Buffalo Speedway, 5th FL
 Houston, Texas 77098
 Telephone No.: (713) 650-1200
 Facsimile No.: (713) 650-1400
 Email: avoyles@heardrobins.com

 Scott Stevens
 State Bar Number:  00792024
 Kyle J. Nelson
 State Bar Number:  24056031
 Stevens Law Firm
 P.O. Box 807
 Tel:  903-753-6760
 Fax: 903-753-6761
  Email: scott@seslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy ***Plaintiffs' First Amended Complaint*** of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 2nd day of September 2008.

| | |
|---|---|
| Stephen W. Drinnon<br>Elizabeth Hosea<br>Shelby L. Bobosky<br>The Drinnon Law Firm<br>1700 Pacific Avenue, Suite 2230<br>Dallas, Texas 75201 | *Via Facsimile No.: (972) 445-6080* |
| Brett A. Smith<br>Fee, Smith, Sharp, Vitullo, LLP<br>Three Galleria Tower<br>Suite 1000<br>13155 Noel Road<br>Dallas, Texas 75240 | *Via Facsimile No.: (972) 934-9200* |
| Monica A. Guerrero<br>J. Karl Viehman<br>Cary Alan Slobin<br>Hartline, Dacus, Barger, Dreyer & Kern, LLP<br>6688 North Central Expressway, Suite 1000<br>Dallas, Texas 75206<br>Facsimile No.: (214) 369-2118 | *Via Facsimile No.: (214) 369-2118* |
| Michael G. Carroll<br>Michael G. Carroll, P.C.<br>102 N. College, Suite 800<br>Tyler, Texas 75702 | *Via Facsimile No.: (972) 597-8006* |

                                                  /s/Adam Q. Voyles