IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AMANDA ESPINOSA, Individually and on behalf of a minor, and as the Personal Representative of the Estate of Steve and Glory Espinosa | § § § § § | |
| vs. | § § | CASE NO. 2:07-CV-517 |
| GRACO CHILDREN'S PRODUCTS, INC., ET AL. | § § § | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Before the court is defendant General Motors Corporation's ("GM") Motion to Transfer Venue (Dkt. No. 61). Although GM has settled the claims against it, defendants Graco Children's Products, Inc. ("Graco"), Newell Rubbermaid, Inc. ("Newell"), Enterprise Leasing Company-Southwest ("Enterprise"), Kyle Rountree, and Tonya Rountree (collectively, "Rountree defendants") all agreed to the motion when it was filed. *See* Def. General Motors Corp.'s Mot. to Transfer Venue, n. 1 at 2, certificate of conference at 15. Also before the court is defendants Graco and Newell's Motion for Ruling on Pending Motion to Transfer venue or, in the alternative, Motion to Reurge Transfer of Venue to Sherman Division and Brief in Support (Dkt. No. 155). The motion for ruling is granted. The motions to transfer venue to the Sherman Division are denied.[1]

### II. Factual and Procedural Background

This is a product liability and negligence action that arises from an automobile accident involving a 2007 Chevrolet Trailblazer and a 2005 Graco Snugride child restraint. The accident

---

[1] The court rejects the plaintiffs' position that Graco and Newell did not properly join the motion or that their motion is untimely. The court has therefore considered the filings related to GM's motion to transfer venue (Dkt. No. 61) as well as those relating to Graco and Newell's motion for ruling, or, alternatively, motion to re-urge (Dkt. No. 155).

occurred when the Espinosas were travelling at night from their former home in Altus, Oklahoma to Louisiana for the Thanksgiving holidays in 2006. Steve Espinosa and Gloria Espinosa, a minor child, were killed in the accident. Amanda Espinosa and Kimberly Espinosa, however, survived the accident. The plaintiffs sued GM for defectively designing, manufacturing, marketing, assembling, and selling the 2007 Chevrolet Trailblazer ("Trailblazer"). *See* Pls.' First Am. Compl. The plaintiffs also sued Graco and Newell for defectively designing, manufacturing, marketing, assembling, and selling a 2005 Graco Snugride child restraint. *Id*. In addition, the plaintiffs sued the driver of the vehicle that collided with the plaintiffs' vehicle, Kyle Rountree, for negligence in causing the accident. The plaintiffs also sued Kyle's mother, Tonya Rountree, for negligent entrustment. *Id*. Finally, the plaintiffs sued Enterprise for renting the Espinosas a defective vehicle. *Id*.

The plaintiffs allege that the 2007 Trailblazer is defectively designed because its frontal air bags did not deploy, because it did not contain side or head curtain air bags, and because it is not built to withstand a side impact collision that would have protected Glory and Steve Espinosa from injury and death. *See* Ex. 1 to Pls.' Response to Defs.' Mot. to Transfer Venue. Similarly, plaintiffs allege that the Snugride contains design defects because it does not have adequate wing depth, because there is no EPS (energy absorbing foam/polystyrene) and/or adequate padding in the wing or handle of the child restraint sufficient to protect Glory Espinosa from injury in a side impact collision. *See* Ex. 2 to Pls.' Response to Defs.' Mot. to Transfer Venue. Amanda and Kimberly Espinosa now reside in Slidell, Louisiana. *See* Pls.' Am. Compl. at ¶5. Despite originally agreeing to the transfer, Kyle Rountree is now enrolled at Blinn College near Bryan,

Texas, and has executed a declaration which states his preference for this forum as opposed to Sherman. *See* Ex. 4-5 to Pls.' Resp. to Defs.' Mot. to Transfer Venue (Dkt. No. 181).[2]

**III. Discussion**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[3] The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit must apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than forum non conveniens dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a forum non conveniens dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The court held that the moving party bears the burden of showing "good cause," which the court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The court noted, however, that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the forum non conveniens context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id*. The private interest factors are as follows: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to

---

[2] Kyle Rountree's mother, Tonya Rountree, has also executed a declaration which indicates she will bear any increased expenses of traveling to Marshall because it is more convenient for her son.
[3] The plaintiffs concede that this suit could have been brought in the Sherman Division.

3

secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are as follows: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id*. (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

**A. Plaintiff's Choice of Forum**

In *Volkswagen*, the Fifth Circuit addressed the weight to be given to the plaintiff's choice of forum. *In re Volkswagen*, 545 F.3d at 315. The court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*. In this case, the plaintiffs are residents of Slidell, Louisiana, and they chose to bring their suit in the Marshall Division of the Eastern District of Texas. When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls the plaintiffs' choice of venue. *Id*. at 312. Here, both parties agree that the proposed transferee forum is one in which the suit might have been brought. *See* 28 U.S.C. § 1391. Defendants, however, argue that plaintiffs' choice of the division within this proper district is not entitled any heightened deference. *See* Defs.' Mot. for Ruling on Pending Motion to Transfer Venue at 5. This court agrees. The court, therefore, has evaluated the case in light of the fact that the plaintiffs do not reside in this forum, and the accident occurred in the Sherman Division. Nevertheless, the court concludes that the defendants have not shown that the

Sherman Division is clearly more convenient than the plaintiffs' chosen forum. The court will therefore deny the motions to transfer.

### B. Private Factors

#### 1. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The court will first assess the convenience of the parties involved. The plaintiffs filed suit in the Marshall Division. From the plaintiffs' perspective, Marshall, Texas is approximately a six hour drive from Slidell, Louisiana. Sherman, on the other hand, is approximately a nine hour drive from Slidell. *See* Ex. 3 to Pls.' Resp. to Defs.' Mot. to Transfer Venue (Dkt. No. 181). A trial in Sherman, Texas would therefore impose an additional three hours of driving time on plaintiffs.

Although it might be argued that the plaintiffs should have sued in their home district if they were concerned about driving distances, it is not at all clear that the Eastern District of Louisiana would have been a proper venue in this case. *See* 28 U.S.C. § 98(a) (St. Tammany Parish located in Eastern District of Louisiana); 28 U.S.C. § 1391(a) (prescribing proper venue in a diversity case to be a district (1) where any defendant resides, if all reside in the same state, (2) where a substantial part of acts or omissions giving rise to the claim occurred, or (3) where any defendant is subject to personal jurisdiction if no other proper venue exists). The Eastern District of Texas, on the other hand, is a court of proper venue because it is a judicial district in which a substantial part of the acts or omissions giving rise to the claim occurred. This particular division is, as noted, approximately three hours closer to the plaintiffs' home than the proposed transferee forum. Furthermore, the substantive claims in this case involve issues of Texas law. The plaintiffs selected a venue between their home and the location of the accident. The chosen

5

venue is in Texas, in a court familiar with the application of Texas law. Therefore, this venue is more convenient to the plaintiffs than the Sherman Division.

Graco and Newell are alleged to be foreign corporations. Based on the allegations, they do not appear to be in close proximity to either this division or the Sherman Division.[4] The court finds that both this division and the desired transferee division would be just as convenient or inconvenient to Graco and Newell.

The plaintiffs rented the vehicle at an Enterprise location in Altus, Oklahoma. Sherman would be more convenient to Enterprise.

Finally, although the Rountree defendants "reside" in Collin County, Texas, which is closer to the Sherman Division than to the Marshall Division, this forum is actually more convenient to Kyle Rountree given his status as a student at Blinn College. Presently, there are no third-party defendants of record in this case. Therefore, the court does not consider the convenience of any possible third parties at this time. *See In re Volkswagen*, 371 F.3d at 204-05. All considered, the convenience of the parties weighs against a transfer.[5]

Next, the court considers the convenience of third party witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen*, 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular

---

[4] GM has settled its claims with plaintiffs.
[5] The court has not considered the location of counsel in this analysis, despite the statements made in Kyle Rountree's declaration and the declaration of Mr. Rountree's attorney.

employment." *Id*. The Sherman courthouse is approximately 180 miles from the Marshall courthouse. In their motion, the defendants suggest that the majority of the witnesses live in either Dallas or Frisco, Texas. Frisco is approximately 40 miles from the Sherman courthouse. Dallas is approximately 60 miles from the Sherman courthouse.

The defendants contend that the investigating officers, emergency medical personnel, and medical providers are key witnesses on causation, liability, and damages. Specifically, the defendants list four Frisco Police Officers and various medical providers located in Frisco and Dallas. Further, the defendants have provided testimony from three of these witnesses, indicating that it would be inconvenient for them to attend trial in the Marshall Division.

The plaintiffs argue that none of these witnesses is relevant or necessary to the central issue in this case, namely the alleged defect in the Graco and Newell products. The court cannot limit the convenience analysis simply to those witnesses who will testify about the accident. *Cf. In re Volkswagen*, 371 F.3d at 204-05 ("There is clearly nothing in § 1404(a) which limits the application of the terms 'parties' and 'witnesses' to those involved in an original complaint."). All of these witnesses will testify about the details of the accident and facts surrounding the condition of the plaintiffs after the accident. While this is an important aspect of the case, it is not the only contested issue at trial.[6] Where the only issue in dispute is the negligence of the parties, courts in this district have held that investigators, accident-scene witnesses, and emergency responders are key witnesses in the case, and has transferred cases based on the convenience of these key witnesses. *See, e.g., Hobson v. Perez*, No. 2:07-CV-284, D.I. # 16 (E.D.Tex. Oct. 23, 2007) (granting a motion to transfer to the Sherman Division, a negligence case involving parties to a motor vehicle accident that occurred in Grayson County in Sherman

---

[6] Although the plaintiffs contend that the cause of the accident is uncontested, the court has considered the indentified witnesses in evaluating the venue motion.

Division). This, however, is a products liability case. The accident that occurred in the Sherman Division may have triggered the events that revealed a possibly defective product, but the main issue concerns the design and manufacture of the Graco and Newell products. There has been no representation to the court that any witness who will testify to the products liability aspects of the case lives in the Sherman Division or would be inconvenienced by attending trial in the Marshall Division. Nevertheless, the court concludes that the convenience of some of the fact witnesses, particularly the police officers, first responders, and some of the medical providers, weighs in favor of a transfer.

### 2. The Relative Ease of Access to Sources of Proof

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. The defendants contend that all of the evidence relating to the accident is located in the Sherman Division. The defendants fail to address that the documents concerning the design and testing of the Graco and Newell products are located outside of Texas. The court finds that the defendants have not shown that there will be any significant inconvenience to them if they have to transport their own documents or other evidence to Marshall, Texas, as compared to the Sherman Division. Indeed, a majority of the documents and other sources of proof are likely located at their headquarters rather than in the Sherman Division. This and other sources of proof relevant to the product design can just as easily be transported to the Marshall Division as to the Sherman Division. Nevertheless, because the Trailblazer vehicle and some of the evidence relevant to the accident is located in the Sherman Division, and evidence related to the medical condition of the plaintiffs is also located there, this fact weighs in favor of transfer.

8

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. A court's subpoena power, however, is subject to Rule 45(c) (3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316.

As discussed above, it is likely that there will be several witnesses in this case who are located outside of Texas. The defendants have not shown that there is a proper venue that enjoys "absolute subpoena power for both depositions and trial" over all of the witnesses in this case.[7] *Id*. If this court cannot compel a witness's attendance at trial, neither party is prevented from using the witness's videotaped deposition at trial. *Symbol Tech., Inc. v. Metronomic Instruments, Inc.*, 450 F.Supp.2d 676, 679 (E.D. Tex. 2006). Nevertheless, this factor weighs in favor of transfer given the location of the officers and first responders.

### C. Public Interest Factors

#### 1. The Administrative Difficulties Flowing from Court Congestion

Neither the plaintiffs nor the defendants address this factor in detail. The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

#### 2. The Local Interest in Having Localized Interests Decided at Home

Transfer may be appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. In products liability cases arising out of an automobile accident, courts may look to where the accident occurred, where the witnesses live, where the evidence is

---

[7] The witness list filed by Graco and Newell indicated that medical witnesses are located in Oklahoma, Texas, and Louisiana. *See* Ex. 8 to Pls.' Resp. to Defs.' Mot. to Transfer Venue (Dkt. No. 181).

located, and where the parties live. *Id*. The accident occurred in the Sherman Division. The plaintiffs live in Slidell, Louisiana. The police officers and medical personnel that responded to the accident live in the Sherman Division. Some witnesses live in the Sherman Division, while some live outside of this district. There is a substantial amount of evidence related to the design of the alleged seat that is located with the defendants. There is also evidence bearing on the case located in the Sherman Division.

Given these facts, the court finds that the Sherman Division has a greater local interest in this case than the Marshall Division, and this fact weighs in favor of transfer.

### 3. The Familiarity of the Forum with the Law that will Govern the Case

Both the Sherman Division and this division are familiar with the Texas law that governs this case. Therefore, the court finds this factor is neutral as to transfer.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws

The court finds that this factor is inapplicable in this transfer analysis.

## IV. Conclusion

The court has balanced all of the relevant factors. None of the factors is entitled to dispositive weight. Although some of the fact witnesses would suffer an inconvenience by having to travel to Marshall, the convenience of the parties weighs decidedly against a transfer in this case. The plaintiffs selected a venue which is located between their home and the site of the accident that is familiar with the governing substantive law. Graco and Newell will not be inconvenienced here. Kyle Rountree prefers this forum given his status as a student at Blinn College. As such, although the Sherman Division has a greater interest in this dispute, the plaintiffs' selection of this court is not unreasonable. The defendants have not shown that the proposed transferee forum is clearly more convenient, and there is not good cause to transfer the

case. *In re Volkswagen*, 545 F.3d at 315 ("Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."). Having considered the relevant factors under 28 U.S.C. § 1404(a), the court is not persuaded that a transfer is warranted. As such, the court denies defendants' motions to transfer venue. (Dkt. Nos. 61 and 155).

SIGNED this 20th day of January, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE